**IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**LARRY DALE BARLOW,**        :
**# 12826-003,**        :
    **Petitioner,**        :
        :   **CRIMINAL NO. 12-00268-CG-B**
**vs.**        :   **CIVIL ACTION NO. 14-00233-CG-B**
        :
**UNITED STATES OF AMERICA,**        :
        :
    **Respondent.**        :

**REPORT AND RECOMMENDATION**

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and supporting Memorandum of Law (Docs. 52, 55), and the Government's Response in Opposition (Doc. 57). This action has been referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.[1] The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Upon consideration, the undersigned hereby recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be

---

[1] The Honorable United States District Judge Callie V.S. Granade presided over the plea hearing and sentencing in this action. The undersigned has reviewed the Petitioner's motion and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Granade.

1

**DENIED**, that this action be **DISMISSED**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Larry Dale Barlow.  The undersigned also recommends that should Barlow file a certificate of appealability, it should be denied as he is not entitled to appeal in forma pauperis.

I.   **PROCEDURAL BACKGROUND**

On October 25, 2012, Barlow was charged in an indictment with Receipt and Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2)(A) and (b)(1) (Count One) and Possession of Child Pornography in violation of 18 U.S.C. § 2256(8)(A) (Count Two). (Doc. 1).  Attorney Sidney M. Harrell was appointed to represent Barlow on November 16, 2012. (Doc. 12).  Through his attorney, Barlow notified the Court of his intent to plead guilty to Count One of the Indictment on December 14, 2012. (Doc. 21).  On December 27, 2012, the parties filed a plea agreement, which was executed by Barlow, his counsel, and counsel for the Government.[2] (Doc. 22).  In the plea agreement, Barlow agreed to plead guilty to Count One in the Indictment and agreed to waive his right to directly appeal or collaterally attack his conviction and sentence except in limited circumstances. (Id. at 7).  Specifically, Barlow agreed

---

[2] Attached to the Plea Agreement was a factual resume, which outlined the elements of the offense, and the facts supporting his plea to the offense. (Doc. 22 at 11-13).

to waive his right to appeal or collaterally attack his sentence except if the sentence imposed punishment in excess of the statutory maximum, if the sentence constituted an upward departure of the guideline range, or if the he were to assert a claim of ineffective assistance counsel. (Docs. 22 at 7, 58 at 7).

The Court held a plea colloquy on December 28, 2012. During the hearing, Judge Granade had Barlow placed under oath and questioned him about the details of the plea agreement and the voluntariness of his plea. (Doc. 58). Barlow was questioned as follows:

> The Court: All right. Have you been treated recently for any mental illness or addiction to any sort of drug?
>
> Defendant: No, ma'am.
>
> . . .
>
> The Court: Have you received a copy of the indictment, the written charges in this case?
>
> Defendant: Yes, ma'am.
>
> The Court: And have you fully discussed those charges and the case in general with Mr. Harrell?
>
> Defendant: Yes, ma'am.
>
> The Court: Do you understand the charges pending against you?
>
> Defendant: Yes, ma'am.
>
> The Court: All right. Are you fully satisfied with the counsel, representation, and advice given to you in

this case by Mr. Harrell?

Defendant: Yes, ma'am.

The Court: I've been provided with a plea agreement and an attached factual resume, and I want you to take a look at those documents and tell me on the record whether that is your plea agreement and factual resume and whether you signed those documents.

Defendant: That is the one we signed yesterday?

Mr. Harrell: (Nodding head affirmatively.)

Defendant: (Reading.) Yes, ma'am.

The Court: Did you have the opportunity to read and discuss the plea agreement with Mr. Harrell before you signed it?

Defendant: Yes, ma'am.

. . .

The Court: Do you understand the terms of your plea agreement?

Defendant: Yes, ma'am.

The Court: Has anyone made any other or different promise or assurances to you of any kind in an effort to induce you to plead guilty in this case?

Defendant: No, ma'am.

. . .

The Court: Has anyone attempted in any way to force you to plead guilty?

Defendant: No, ma'am.

The Court: Are you pleading guilty of your own free will because you are guilty?

Defendant: Yes, ma'am.

. . .

The Court: All right. You're pleading guilty to a charge of violating Title 18, United States Code, Section 2252A(a)(2)(A), and in order to convict you of that offense the government would have to prove that you knowingly received or distributed an item of child pornography, that the item of child pornography had been mailed, shipped, or transported in interstate or foreign commerce, including by computer, and that at the time you received or distributed that item you knew that it contained images of child pornography. Do you understand what the government would have to prove in order to convict you?

Defendant: Yes, ma'am.

The Court: . . . And I want to make sure that you understand that by signing the factual resume you are agreeing that the government could prove the facts set forth in that document in order to support your guilty plea. Do you understand and agree to that?

Defendant: Yes, ma'am.

The Court: All right. I have read that. So I will now ask you how do you plead to the charge, guilty or not guilty?

Defendant: Guilty, Your Honor.

The Court: All right. It is the finding of the Court in the case of United States versus Larry Dale Barlow that the defendant is fully competent and capable of entering an informed plea, that he is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. The plea is therefore accepted and the defendant is now adjudged guilty of that offense.

(Doc. 58 at 3-10). The Court accepted Barlow's guilty plea and sentencing was set for March 28, 2013. (Id. at 10). Barlow's

attorney requested a thirty-day continuance to have a psychiatric exam performed for the purposes of sentencing. The Court granted the motion and the sentencing hearing was rescheduled to May 13, 2013. (Docs. 30, 31). Later, Barlow, through his attorney, filed a second motion requesting a continuance until May 17, 2013 and attached the psychiatrist's report and memorandum in lieu of testimony for the purpose of sentencing. (Docs. 38 (sealed), 40).

At the sentencing hearing, Barlow was sentenced to a term of imprisonment of 120 months, less time served while in state custody, and lifetime supervision upon his release. (Minute Entry 5/17/13). The Court also imposed other special conditions. (Id.). The Court entered judgment on May 20, 2013. (Doc. 44). Barlow and his counsel executed a notice of no appeal. (Doc. 43).

On May 14, 2014, Barlow filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.[3] (Doc. 52). In his petition, Barlow asserts that he is actually innocent of the crime. Barlow also contends that his attorney was ineffective for the following reasons: 1) he did not secure a mental evaluation prior to Barlow's guilty plea; 2) he failed

---

[3] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

to fully investigate certain issues and file the appropriate pretrial motions; and (3) Barlow's guilty plea was unknowing and involuntary. (Id. at 4-8). Along with his petition, Barlow also filed a motion requesting an extension of time to file a supporting memorandum. (Doc. 53). In an order dated June 16, 2014, Barlow's motion was granted. (Doc. 54). In the order, Barlow was expressly advised that the extension was for the sole purpose of allowing him to add facts and supporting authority for the issues raised in his original petition, and that any new issues would only be timely if they fell within the statute of limitations. (Id. at 1 n.1). Barlow filed the supporting memorandum on July 23, 2014. (Doc. 55). In the memorandum, Barlow added the following issues: 1) his counsel was ineffective for failing to object to the indictment's failure to allege an offense and 2) his counsel failed to challenge count one of the indictment as duplicitous. (Id.). The Respondent filed a response in opposition. (Doc. 57). The Respondent argued that Barlow's petition should be denied because, "all of [his] claims are either belied by the record, legally meritless, or conclusory." (Doc. 57 at 2). The Respondent also asserted that the new claims raised in Barlow's memorandum should be dismissed as time-barred. (Id.).

## II. DISCUSSION

### A. Habeas Standard

The limited scope of habeas relief is well established, as this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a[ ] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Frady, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

United States v. Evans, 2008 U.S. Dist. LEXIS 59836, *8-9 (S.D. Ala. August 4, 2008) (quotation marks in original)(unpublished).[4]

**B. Ineffective Assistance of Counsel Standard**

In Strickland v. Washington, the Supreme Court adopted a two-prong standard for evaluating claims of ineffective assistance of counsel. Strickland, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To satisfy the requirements of this two-prong standard, "[a] petitioner must show that

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th CIR. R. 36-2 (2005).

counsel's performance was deficient, and that the deficiency prejudiced the defense." Wiggins v. Smith, 593 U.S. 510, 521, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003) (citing Strickland, 466 U.S. at 687).  Because the failure to demonstrate either deficient performance or prejudice is dispositive of the claim, courts applying the Strickland test "are free to dispose of ineffectiveness claims on either of [Strickland's] two grounds." Oats v. Singletary, 141 F.3d 1018, 1023 (11th Cir. 1998).

In order to satisfy the "performance" prong of the Strickland test, a petitioner is required to show that his attorney's representation "fell below an objective standard of reasonableness," which is measured by "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688. That is, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In considering such a claim, the court "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." Smith v. Singletary, 170 F.3d 1051, 1053 (11th Cir. 1999) (citations omitted).  Thus, the petitioner has a difficult burden because to be considered unreasonable, "the performance must be such that 'no competent counsel would have taken the action that [the petitioner's] counsel did take.'" Ball v. United States, 271 F. App'x 880, 883

9

(11th Cir. 2008)(citations omitted).

In order to satisfy the "prejudice" prong of the Strickland test, a Petitioner must show that a reasonable probability exists that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The petitioner "must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.'" Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations omitted). Further, it is not enough to merely show that the alleged errors affected the case in some imaginable way. See id. at 1293-94 ("[T]hat the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice") (quoting Strickland, 466 U.S. at 693) (internal quotation marks omitted). Thus, "under the exacting rules and presumptions set forth in Strickland, 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" Windom v. Sec'y, Dep't of Corr., 578 F.3d 1227, 1248 (11th Cir. 2009)(citations omitted).

This two-prong Strickland standard also governs challenges to the validity of guilty pleas. See Hill v. Lockhart, 474 U.S.

52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).   When a petitioner's conviction is based on a guilty plea, in order to show prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; Eslinger v. Davis, 44 F.3d 1515, 1529 (11th Cir. 1995).   In so doing, a defendant must demonstrate that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010); Gutierrez v. United States, 2014 U.S. App. LEXIS 5519, 2014 WL 1227482 (11th Cir. 2014)(unpublished).   Based upon a careful review of Barlow's petition, and the record evidence, the undersigned finds that Barlow has failed to demonstrate that his counsel provided ineffective representation.

**C. Actual Innocence**

Barlow asserts that he is "actually innocent of simultan[e]ously receiving and distributing child pornography," because "the materials did not depict minors engaging in sexual activity." (Doc. 52 at 4). This claim is belied by the record and accordingly, must fail.   In the Eleventh Circuit, there is "a 'strong presumption' that statements made by the defendant during his plea colloquy are true." United States v. Cardenas, 230 F. App'x 933, 935 (11th Cir. 2007) (citing United States v.

11

Medlock, 12 F.3d 185, 187 (11th Cir. 1994)).  "[T]herefore, 'when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.'" Cardenas, 230 F. App'x at 935 (quoting United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988)).  During his plea colloquy, Barlow was advised of the nature of the charges against him and the consequences of his guilty plea. (Doc. 58). He acknowledged that he understood the charges, that no one had forced him to plead guilty, that he committed the facts alleged in the factual resume, and that he was pleading guilty because he was actually guilty. (Id.).  Not only has Barlow failed to present facts demonstrating his innocence, but his claim is directly contradicted by his factual resume and his admissions on the record.  Thus, because Barlow has not shown that he is actually innocent, this claim must fail.

### D. Ineffective Assistance Claims

Barlow's remaining claims involve the alleged ineffective assistance of his counsel. In Barlow's original petition, he raises three claims of ineffective assistance of counsel: 1) his attorney failed to secure a mental health evaluation prior to Barlow's guilty plea; 2) his attorney failed to completely investigate "certain issues" and file the "appropriate motions"; and 3) due to his mental health issues, his guilty plea was not knowing and voluntary. (Doc. 52).  With respect to these claims,

Barlow has merely provided bare allegations that are devoid of any specific information. Barlow's vague and conclusory assertions do not effectively demonstrate that his counsel was ineffective or that his case was prejudiced. See Randolph v. McNeil, 590 F.3d 1273, 1276 n.1 (11th Cir. 2009) (holding that "conclusory assertions" will not support a claim of ineffective assistance of counsel); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (same); Tejada v. Dugger, 941 F.2d 1551, 1553 (11th Cir. 1991) (addressing the issue in the context of 28 U.S.C. § 2254); Story v. United States, 2012 U.S. Dist. LEXIS 26031, 2012 WL 671677, at *4 (S.D. Ala. Jan. 31, 2012)(unpublished)(rejecting § 2255 claim of ineffective assistance where movant had not indicated what a more thorough investigation by his attorney would have revealed or how any supposed discovery would have been fruitful in his case).

Furthermore, each of these ineffective assistance claims is belied by the record. Under the Federal Rules of Criminal Procedure, a plea of guilty will be deemed voluntary, if before a guilty plea has been accepted, the court addresses "the defendant personally in open court and determine[s] that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2). Barlow claims that his guilty plea was not voluntary because he was not mentally competent to enter a

guilty plea and that his counsel should have secured a mental health evaluation prior to his guilty plea hearing. (Doc. 52 at 5, 8). However, the record reflects that during his guilty plea hearing, Barlow testified that he had not been recently treated for any mental illness or drug addiction. (Doc. 58 at 3). And, the mental health evaluation that his counsel secured after the guilty plea, to help prepare for his sentencing, included a finding that Barlow "is able to understand the charges against him and participate actively in his defense." (See Docs. 28, 38, Ex. A at 4). In light of this finding, Barlow has failed to show how an earlier evaluation would have resulted in a different outcome. Plus, the evaluation finding clearly belies Barlow's contention that his plea was not knowing and voluntary because he was not mentally competent to enter a guilty plea. Thus, the claim fails.

Barlow also contends that his attorney failed to "investigate certain issues" and did not "file the appropriate motions." As a preliminary matter, the undersigned finds that this claim is extremely vague. Barlow does not identify which issues his attorney failed to investigate nor does he identify the motions that he contends should have been filed. Further, during his plea colloquy, Barlow advised the Court that he was fully satisfied with his attorney, his attorney's representation, and the advice that the attorney provided to

14

him. (Doc. 58 at 3-4). Accordingly, this ineffective assistance of counsel claim must fail.

Finally, as noted *supra,* the Court gave Barlow the opportunity to file a memorandum to support his petition, but expressly cautioned Barlow that any additional issues not raised in his original petition would "only be timely if those issues [came] within the statute of limitations." (Doc. 54 at 1 n.1) Notwithstanding the court's admonition, Barlow's memorandum included two new claims, namely that: 1) his counsel was ineffective for failing to object to the indictment's failure to allege an offense and 2) his counsel failed to challenge count one of the indictment as duplicitous. (Doc. 55).

Federal Rule of Civil Procedure 15(c)(2) provides in pertinent part that "[a]n amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim ... that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." In Mayle v. Felix, 545 U.S. 644, 664, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005), the Supreme Court held that an amendment to a habeas petition may relate back "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts."   A new claim does not meet that standard and, thus, does not relate back "when it asserts a new ground for relief supported by facts that differ in both

time and type from those the original pleading set forth." Id. at 650. The terms "conduct, transaction, or occurrence" are to be narrowly construed and are not synonymous with "trial, conviction, or sentence." Id. at 664 (rejecting the expansive view that Rule 15(c)(2) permits relation back "so long as the new claim stems from the habeas petitioner's trial, conviction, or sentence").

In other words, the fact that a claim relates back to a habeas petitioner's trial, conviction, or sentence is not determinative of whether the relation back doctrine is satisfied. Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir.2000). See e.g., Espinosa v. United States, 330 Fed. Appx. 889, 892 (11th Cir.2009)(newly raised claims of ineffective assistance of counsel relating to pre-trial conduct did not relate back to the original claims of ineffective assistance of counsel which were based on counsel's performance during specific moments of the trial and sentencing proceedings); Davenport, 217 F.3d at 1346 (11th Cir.2000) (holding the petitioner's newly asserted claims of ineffective assistance of counsel did not relate back to the original petition when the original petition did not mention the activity alleged in the new ineffective assistance of counsel claims). In this case, the ineffective assistance of counsel claims that Barlow sought to raise in his supporting memorandum are completely different and

involve different facts than those raised in his original petition. Thus, they did not relate back to the original petition.

This means that to be timely, Barlow was required to raise these claims within the AEDPA one-year limitations period. In other words, Barlow was required to raise these claims within one year of his judgment of conviction becoming final. 28 U.S.C. 2255 (f)[5]. Where, as here, the defendant does not file a direct appeal, the conviction becomes final under § 2255(f)(1) 14 days later, when the time for filing a direct appeal expires. See Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011). The judgment in this case was entered on May 20, 2013 and became final 14 days later on June 3, 2013. Because Barlow did not raise the issues in his memorandum until more than a year later, on July 23, 2014, those claims are should be dismissed as time-barred.

### III. **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of

---

[5] Under §2255(f),the one-year limitations period begins to run following the latest of four possible events, only one of which is pertinent here, namely when the judgment of conviction becomes final. § 2255(f).

appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration

that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Barlow's claim does not warrant the issuance of a Certificate of Appealability.  Reasonable jurists could not debate whether Barlow's claims alleging actual innocence and ineffective assistance of counsel should be resolved in a different manner or deserves to proceed further.  The recommendation that Barlow's claim be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of his claim on the record presented.  It is thus recommended that the Court deny any request for a Certificate of Appealability.

## IV.   CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 52) be **DENIED**, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Larry Dale Barlow.  The undersigned

Magistrate Judge further opines that Barlow is not entitled to issuance of a Certificate of Appealability.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An

20

objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **25th** day of **January, 2017.**

SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE